**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6906

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

GERMAINE CANNADY,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:14-cr-00389-RDB-2; 1:19-cv-02612-RDB)

Argued: December 8, 2022            Decided: March 24, 2023

Before DIAZ and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by published opinion. Senior Judge Floyd wrote the opinion in which Judge Diaz and Judge Thacker joined.

**ARGUED:** Parker Andrew Rider-Longmaid, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Washington, D.C., for Appellant. Brandon Keith Moore, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Elise S. Faust, New York, New York, Shay Dvoretzky, SKADDEN, ARPS, SLATE, MEAGHER, & FLOM LLP, Washington, D.C., for Appellant. Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

FLOYD, Senior Circuit Judge:

Defendant-Appellant Germaine Cannady appeals the district court's dismissal of his motion for post-conviction relief under 28 U.S.C. § 2255. In 2015, a jury found Cannady guilty of one count of conspiracy to distribute and possess with intent to distribute cocaine and heroin, as well as one count of attempted possession with intent to distribute cocaine and heroin, both in violation of 21 U.S.C. § 846. At sentencing, the district court deemed these offenses "controlled substance offense[s]" under §§ 4B1.1 and 4B1.2—the career offender provisions—of the Sentencing Guidelines. Cannady also had past convictions for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and assault in violation of 18 U.S.C. § 113(a)(3). The district court considered the former to be a controlled substance offense and the latter to be a crime of violence under the career offender provisions. Based on the nature of the instant offenses and Cannady's criminal history, the district court applied the career offender enhancement to his sentence.

Cannady appealed his sentence to this Court. While his appeal was pending, he moved for a new trial based on newly discovered, previously undisclosed evidence. The district court granted the motion, and the government appealed. We then reversed the grant of a new trial and remanded. On remand, the government moved to reinstate the judgment of conviction and Cannady's sentence, to which Cannady's counsel consented.

Cannady now argues that, on remand, his counsel rendered ineffective assistance by failing to object to his designation as a career offender on the ground that conspiracy under § 846 is broader than generic conspiracy and thus does not constitute a controlled substance offense under the Guidelines. As we explain below, Cannady's counsel rendered deficient

2

performance by failing to make this objection. This failure resulted in prejudice to Cannady, whose 16-year sentence far exceeded the high end of what the Guidelines range would have been without the career offender enhancement. We therefore vacate the district court's judgment, and we remand the case to the district court for resentencing.

I.

On August 22, 2014, Cannady and eight others were charged in an indictment with one count of conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846 (Count I), and one count of attempted possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846 (Count III). Five of the defendants pled guilty. Cannady and three others proceeded to trial. On March 20, 2015, after an eight-day trial, a jury found Cannady guilty on both counts.

At sentencing in June 2015, the Presentence Investigation Report (PSR) calculated that Cannady's base offense level was 34 and that his criminal history category was VI, making his Guidelines range 262 to 327 months in prison. Importantly, the PSR applied the career offender enhancement to Cannady's sentence. It described "the instant offense of conviction [as] . . . either a crime of violence or a controlled substance offense." PSR 6. It also noted Cannady's prior convictions for another controlled substance offense (a federal drug conspiracy conviction under § 846 from 1999) and a crime of violence (a federal assault conviction from 2006). PSR 9–10; Joint Appendix ("J.A.") 405. Accordingly, the district court found that the nature of the instant offenses and Cannady's criminal history triggered the career offender enhancement under Guidelines §§ 4B1.1 and

3

4B1.2. Without the enhancement, Cannady's offense level would have been 24, his criminal history category IV, and Guidelines range 77 to 96 months (approximately 6.4 to 8 years).

The district court imposed a 192-month (16-year) sentence, which fell halfway between the longest sentence received by any member of the conspiracy so far (144 months) and the government's recommendation (240 months). During the sentencing hearing, the court explained that it based the sentence partially on Cannady's prior federal convictions and the fact that he was serving two separate terms of supervised release during the conspiracy.

Cannady appealed the district court's decision to this Court. While his appeal was pending, the government discovered a drug sale ledger that had not previously been disclosed to Cannady, and that could have been used to impeach the government's primary witness. Cannady then moved for a new trial, arguing that the government violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). On December 14, 2016, the district court found that the government violated *Brady*. The court granted Cannady's motion, vacating the judgment of conviction and sentence. The government appealed this decision. On March 9, 2018, this Court reversed the district court's grant of a new trial, holding that the ledger at issue was not material under *Brady*, and remanded the case to the district court "for further proceedings consistent with this disposition." *United States v. Cannady*, 719 F. App'x 237, 241 (4th Cir. 2018) (per curiam). The mandate issued on April 2, 2018.

Meanwhile, almost two weeks before the mandate issued, this Court decided *United*

4

*States v. McCollum*, 885 F.3d 300 (4th Cir. 2018). *McCollum* addressed whether conspiracy to murder in aid of racketeering under 18 U.S.C. § 1959(a)(5) categorically qualifies as a "crime of violence" under the career offender enhancement. 885 F.3d at 309. The Court reasoned that, under the career offender provision, generic conspiracy requires proof of an overt act, whereas conspiracy under § 1959(a)(5) does not. 885 F.3d at 306–09. Section 1959(a)(5) therefore "criminalizes a broader range of conduct than that covered by generic conspiracy" and cannot trigger the career offender enhancement. *Id.* at 307-09.

On remand from this Court's reversal of the district court's *Brady* decision, the government moved to reinstate the judgment of conviction and Cannady's 192-month sentence. Cannady's counsel consented to the motion. Although *McCollum* had just been issued, Cannady's counsel did not object to the reinstatement of the sentence—and the reapplication of the career offender enhancement—on the ground that conspiracy under § 846, like § 1959(a)(5), does not require proof of an overt act. *See United States v. Shabani*, 513 U.S. 10, 15 (1994). The court granted the government's unopposed motion and reinstated the judgment. On May 18, 2018, Cannady appealed his conviction and sentence, and on May 8, 2019, this Court affirmed. *United States v. Cannady*, 924 F.3d 94 (4th Cir. 2019).

Thereafter, Cannady moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting in relevant part that his attorney provided ineffective assistance of counsel because she failed to challenge his designation as a career offender while his case was on remand in 2018. The court below denied this motion and a certificate of

5

appealability. It found that "[t]here is no question that [Cannady] was a 'career offender,'" without addressing whether, under *McCollum*, Cannady's § 846 convictions no longer qualified as controlled substance offenses. *Cannady v. United States*, Civ. Action No. RDB-19-2612, Crim. Action No. RDB-14-0389, 2020 WL 1955555, *4 (D. Md. Apr. 23, 2020). The court also found that, even if Cannady's attorney had performed deficiently, no prejudice occurred because it "did not base its sentencing decision *entirely* on Cannady's status as a career offender, which carried with it an advisory guideline range of 262 to 327 months." *Id.* at *5 (emphasis added). It pointed out that it considered the career-offender status to be only one "factor" at sentencing, and it explained during the sentencing hearing that "there [were] limits to how much it should be factored in." *Id.* Cannady appealed, and this Court granted him a certificate of appealability.

II.

This Court "review[s] de novo a district court's legal conclusions in denying a Section 2255 motion." *United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017). As relevant here, the Sixth Amendment guarantees effective assistance of counsel in criminal cases. U.S. Const. amend. VI. To succeed on an ineffective assistance claim, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Under the performance prong, counsel must provide reasonably effective assistance

6

pursuant to "professional norms." *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (simplified). This assistance should, among other things, be legally competent, include relevant research, and raise important issues. *Strickland*, 466 U.S. at 687–90. "[J]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (simplified). Under the prejudice prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

When there is an error regarding the "Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016). Thus, if counsel fails to object to the erroneous application of the career offender enhancement, that alone can be sufficient to demonstrate prejudice. *Carthorne*, 878 F.3d at 470.

A.

As relevant here, the career offender enhancement applies if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Sentencing Commission's commentary to the Guidelines defines "controlled substance offense" and "crime of violence" to encompass "aiding and abetting,

7

conspiring, and attempting to commit such offenses." *Id.* § 4B1.2 cmt. n.1.[1]

This Court utilizes a categorical approach to determine whether a conviction qualifies as a predicate offense under the Sentencing Guidelines. *United States v. Norman*, 935 F.3d 232, 237 (4th Cir. 2019) (citation omitted). First, we determine the "generic" definition of the predicate offense. *Id.* (citation omitted). Second, we compare the elements of the generic offense to the elements of the defendant's conviction. *Id.* (citation omitted). If the defendant's conviction "criminalizes conduct broader than that encompassed by the generic offense, then the conviction does not categorically qualify under the Guidelines." *Id.* (citation omitted).

B.

With this background in mind, we now turn to the two-part *Strickland* test. We first consider whether Cannady's counsel performed deficiently when she failed to object to the career offender enhancement under *McCollum* on remand. Cannady asserts that conspiracy under § 846 does not constitute a "controlled substance offense" under the Guidelines because it does not require an overt act, and that his counsel should have raised an objection on this ground under *McCollum*. Cannady further contends that reevaluation of his sentence under McCollum was not outside the scope of this Court's mandate on remand,

---

[1] Notably, notwithstanding the Sentencing Commission's commentary, we recently held that an attempt offense does not constitute a controlled substance offense for career offender purposes. *United States v. Campbell*, 22 F.4th 438, 441 (4th Cir. 2022). The question of whether *Campbell* likewise disqualifies a conspiracy offense from being a controlled substance offense is not now before us.

8

and, even if it was, exceptions to the mandate rule apply. The government responds that this Court's mandate foreclosed a *McCollum* objection. On remand, it argues, all that the district court was permitted to do was reinstate the prior judgment and sentence. Further, it contends that no exceptions to the mandate rule apply.

To determine whether Cannady's counsel performed deficiently, we first consider whether she could have raised a *McCollum* objection at all, or whether this Court's mandate on remand precluded her from doing so. "The mandate rule governs what issues the lower court is permitted to consider on remand." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). The rule operates as a "specific application of the law of the case doctrine." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (simplified). The lower court must "carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *Susi*, 674 F.3d at 283. The lower court also may not rehash issues that it previously decided but were abandoned on appeal "or otherwise waived, for example because they were not raised in the district court." *Bell*, 5 F.3d at 66 (citation omitted). The district court, on remand, must "implement both the letter and spirit of the . . . mandate, taking into account our opinion and the circumstances it embraces." *Id.* at 66–67 (simplified). But if this Court's mandate "instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first hearing." *Id.* at 67 (simplified).

As Cannady argues, this Court's mandate on remand did not prohibit his attorney from objecting to the career offender enhancement. The Court only ruled on a *Brady* issue unrelated to sentencing and then issued a general remand, instructing the district court to

9

conduct "further proceedings consistent with [its] disposition." *Cannady*, 719 F. App'x at 241. In its remand opinion, the Court did not discuss Cannady's sentence, prohibit the lower court from addressing sentencing issues on remand, or direct the lower court to reinstate the original sentence. Moreover, Cannady did not and could not forfeit or waive any objection under *McCollum* prior to remand, as this Court did not issue *McCollum* until after it had decided the government's appeal of the *Brady* vacatur. We will not penalize Cannady for not objecting to an issue that did not become available until years after the imposition of his original sentence—on *the government's* appeal, no less.[2]

Even assuming the mandate rule applied, Cannady's counsel still could have brought a *McCollum* objection under the first exception to this rule. As this Court has previously held,

> [e]ven though the mandate of an appellate court may "not contemplate resurrecting an issue on remand, the trial court may still possess some limited discretion to reopen the issue in very special situations." These circumstances are: (1) a "showing that controlling legal authority has changed dramatically; (2) that significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or (3) that a blatant error in the prior decision will, if uncorrected, result in a serious injustice.

---

[2] Cannady also contends that, on remand, he had no operative sentence, and that the district court was free to conduct a complete resentencing. He explains that "a final judgment of conviction includes both the adjudication of guilt (or 'conviction') and the sentence." *In re Gray*, 850 F.3d 139, 141–42 (4th Cir. 2017). He further explains that the district court's vacatur of Cannady's conviction "render[ed] the original judgment null and void," *United States v. Bethea*, 841 F. App'x 544, 550 (4th Cir. 2021), which "wiped the slate clean" for further proceedings, *Pepper v. United States*, 562 U.S. 476, 507 (2011). The government disagrees, arguing that the court's duty on remand was merely to reinstate the 192-month sentence, which it characterizes as an administrative formality. Even assuming without deciding that the district court only needed to reinstate Cannady's sentence on remand, nothing prevented Cannady's counsel from objecting to, nor the district court from reconsidering, the career offender enhancement.

10

*Bell*, 5 F.3d at 67 (simplified).

The first exception applies when intervening legal authority "undermines," *Reynolds v. Middleton*, 779 F.3d 222, 226 n.1 (4th Cir. 2015), or rejects "the principal legal reasoning behind the district court's" prior decision, *United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008). When Cannady was sentenced in 2015, this Court had long treated § 846 conspiracy offenses as controlled substance offenses under the Guidelines. *United States v. Kennedy*, 32 F.3d 876, 888 (4th Cir. 1994); *Norman*, 935 F.3d at 239–41.

However, by the time of the 2018 remand, the *McCollum* Court held that generic conspiracy under the Guidelines requires an overt act. 885 F.3d at 308. It reasoned that the meaning of "conspiracy" under Guidelines § 4B1.2 turned on the "crime's contemporary meaning, not its common law meaning." *Id.* at 308. Because thirty-six states, the District of Columbia, Guam, Puerto Rico, the Virgin Islands, and the general federal conspiracy statute defined conspiracy to require an overt act, the Court concluded that the contemporary definition of conspiracy encompassed such a requirement. *Id.* at 308 (citations omitted). It then conducted a "straightforward" application of the categorical approach to the crime at issue—conspiracy to commit murder in aid of racketeering in violation of § 1959(a)(5)—to determine that conspiracy to commit murder in aid of racketeering criminalizes a broader range of conduct than generic conspiracy. *Id.* at 309. As such, the defendant's conviction did not qualify as a crime of violence, which precluded application of the career offender enhancement. *McCollum*, 885 F.3d at 309. By holding that Guidelines §§ 4B1.1 and 4B1.2 require an overt act in furtherance of the conspiracy,

11

*McCollum* marked a clear change in precedent and satisfied the first exception to the mandate rule.

Importantly, it makes no difference that *McCollum* concerned a conspiracy to commit a "crime of violence," rather than a conspiracy to commit a "controlled substance offense," as in this case. Under the Guidelines, "the object of the conspiracy does not change the elements of the conspiracy offense," for "the Guidelines simply state that 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* at 307 n.8 (simplified) (quoting U.S.S.G. § 4B1.2 cmt. n.1). Thus, *McCollum*'s holding regarding the generic definition of conspiracy directly applied to and undermined the district court's reason for applying the career offender enhancement here. *See McCollum*, 885 F.3d at 307–09. For these reasons, even if the mandate had explicitly precluded Cannady's counsel from objecting to the career offender enhancement, she could have raised a straightforward, meritorious argument that the first exception to the rule applied, thereby justifying an objection under *McCollum*. *Bell*, 5 F.3d at 67.[3]

---

[3] In fact, in 2019—just one year after *McCollum* and the 2018 remand of this case— this Court definitively held that § 846 conspiracy offenses do not qualify as controlled substance offenses based on a "straightforward application of *controlling precedent*"— namely, *McCollum*. *Norman*, 935 F.3d at 238–39 (emphasis added). Indeed, the *Norman* Court ultimately held that the district court had not committed plain error in applying the career offender enhancement to the defendant. *Norman*, 935 F.3d at 241. It explained that the law on this issue was previously "muddied," such that the "the district court's error was not so clear or obvious as to be plain." *Id.* at 241 (simplified). On remand, however, the defendant brought a § 2255 motion arguing that his § 846 conviction was not a controlled substance offense and that his trial counsel was ineffective for failing to object to the enhancement under *McCollum*. *United States v. Norman*, Cr. No. 7:17-527-HMH, 2020 WL 4043648, at *1 (D.S.C. July 17, 2020). The district court found for the defendant on

Not only was Cannady's counsel able to make a *McCollum* objection under the mandate rule, but also, failing to do so constituted deficient performance. Generally, "counsel enjoys the benefit of a strong presumption that the alleged errors were actually part of a sound trial strategy." *Carthorne*, 878 F.3d at 469 (simplified). But as discussed above, post-*McCollum*, Fourth Circuit precedent "strongly suggested" that conspiracy under § 846 no longer qualified as a controlled substance offense. *Id.* at 468 n.5. A straightforward application of *McCollum* to Cannady's case makes clear that conspiracy to distribute cocaine in violation of § 846 is not a categorical match for generic conspiracy. Consequently, the failure to object to the career offender enhancement on that ground does not qualify as sound legal strategy. *Id.* For these reasons, we hold that Cannady's counsel performed deficiently.

C.

Next, we consider *Strickland*'s second prong—prejudice. Neither party disputes that, had the district court not applied the career offender enhancement, Cannady's Guidelines range would have been 77 to 96 months (approximately 6.4 to 8 years), as opposed to 262 to 327 months (approximately 21.8 to 27.3 years). The court ultimately imposed a sentence of 192 months (16 years)—well above the high end of the correct range.

---

this claim, reasoning that such an objection "was a viable argument" and that the defendant was "clearly prejudiced by the failure to object." *Id.* at *4. It therefore resentenced the defendant without the enhancement. *Id.* Of course, Cannady's counsel would not have had access to *Norman* when the instant matter was on remand in 2018. Nonetheless, the decision further demonstrates that a *McCollum* objection was plainly meritorious.

In other words, even if Cannady had been sentenced at the top of his correct Guidelines range, that sentence would have been half as long as the sixteen years to which he was sentenced. However, the district court still found that Cannady did not suffer prejudice, reasoning that it "did not base its sentencing decision *entirely* on Cannady's status as a career offender." *Cannady*, 2020 WL 1955555, at *5 (emphasis added).

The Guidelines provide "the starting point" and "lodestar" for sentencing. *United States v. Green*, 996 F.3d 176, 186 (4th Cir. 2021) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016)). "[W]hen a defendant is sentenced under an incorrect Guidelines range, 'the error itself can, and most often will, be sufficient to show a reasonable probability' that his sentence would have been different had the district court used the correct 'framework' for sentencing." *Id.* (quoting *Molina-Martinez*, 578 U.S. at 198).

Here, the district court believed that it was sentencing Cannady *below* the Guidelines range by imposing a 192-month sentence, when, in fact, it was going *eight years above* the correct range's maximum recommended sentence. The government urges that the Court should assume that the district court would have imposed the same sentence even if Cannady had not qualified as a career offender. But this point is mere speculation. If anything, the court was reluctant to "factor[] in" the career offender enhancement too heavily, suggesting that it would have been amenable to imposing a shorter sentence. J.A. 179. Thus, Cannady satisfies the prejudice prong of the *Strickland* standard.

14

III.

For the foregoing reasons, we vacate the judgment of the district court and remand the case for resentencing by the district court.

*VACATED AND REMANDED*